UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY RAY HOYE,
        Plaintiff,

                        Case No. 1:07-cv-110

-v-

                        HONORABLE PAUL L. MALONEY
                        HONORABLE ELLEN S. CARMODY

WILLIAM NELSON, et al.,
        Defendants.

ORDER ACCEPTING REPORT AND RECOMMENDATION IN PART AND REMANDING
DEFENDANTS' MOTIONS FOR A SECOND REPORT AND RECOMMENDATION ON
ALLEGATION THAT PLAINTIFF FAILS TO STATE A CLAIM

      This Court has before it a Report and Recommendation (Dkt. No. 50) and Objections filed by Defendant Meyer, Defendant Correctional Medical Services (CMS), and Defendant Borges (Dkt. No. 53).

      Plaintiff Hoye is a prisoner under the control of the Michigan Department of Corrections (MDOC). Plaintiff filed a complaint in which he alleges an Eighth Amendment claim for deliberate indifference to his medical needs and violations of his right to Due Process. The complaint was referred to Magistrate Judge Ellen S. Carmody.

      Defendant Borges filed a motion to dismiss (Dkt. No. 18). Defendants Pelon, VanSetters, Martin, Armstrong and Palmer filed a motion for summary judgment (Dkt. No. 24). Plaintiff filed a response to Defendant Borges' motion to dismiss (Dkt. No. 29). Defendants Meyer and CMS filed a motion to dismiss (Dkt. No. 37) similar to the one filed by Defendant Borges. Defendant Tudor filed a "me too" motion for summary judgment (Dkt. No. 41) in which she incorporates by reference the earlier motion for summary judgment.

      In the two motions to dismiss, Defendants Borges, Meyer and CMS raise two issues: (1)

Plaintiff's failure to exhaust administrative remedies and (2) Plaintiff's failure to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment. Magistrate Judge Carmody, through an order (Dkt. No. 44), converted the two motions to dismiss into motions for summary judgment. Plaintiff then filed a response to the court's order (Dkt. No. 46) in which he attempts to provide a factual basis for his claims and attaches a number of documents. Finally, Defendants Meyers, Borges and CMS filed a reply (Dkt. No. 47) to Plaintiff's earlier response to Defendant Borges' motion to dismiss.

Magistrate Judge Carmody issued a Report and Recommendation. The Report and Recommendation (R&R) recommends the following: (1) deny Defendant Borges' motion (Dkt. No. 18) for summary judgment; (2) deny Defendants CMS and Meyer's motion (Dkt. No. 37) for summary judgment; (3) deny Defendant Tudor's motion (Dkt. No. 41) for summary judgment as to Plaintiff's Eighth Amendment claim and grant Defendant Tudor's motion as to Plaintiff's Due Process claim; and (4) grant Defendants Pelon, VanSetters, Martin, Armstrong and Palmer's motion for summary judgment as to Plaintiff's due process claim. Defendants Meyer, Borges and CMS filed objections (Dkt. No. 53).

## STANDARD OF REVIEW

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

## ANALYSIS

### A. Motions Without Objections

The Magistrate Judge issued recommendations regarding four motions for summary judgment. The objections filed by Defendants Meyer, Borges and CMS relate to only two of the four motions before the Magistrate Judge. This Court accepts, without review, the recommendations with regard to the two motions to which no objection has been filed. Accordingly, Defendants Pelon, VanSetters, Martin, Armstrong and Palmer's motion for summary judgment (Dkt. No. 24) is **GRANTED** with regard to the Due Process claim against them. Defendant Tudor's motion for summary judgment (Dkt. No. 41) is **GRANTED** with regard to the Due Process claim against her, but **DENIED** with regard to the Eighth Amendment claim against her.

### B. Motions With Objections

The Magistrate Judge recommends this Court deny Defendants Borges, Meyer and CMS's motion for summary judgment with regards to their claim that Plaintiff failed to exhaust his

administrative remedies. Defendants Borges, Meyer, and CMS object to that recommendation. Defendants Borges, Meyer, and CMS also object to the denial of their motions on the basis that the Report and Recommendation fails to address their other claim, that the complaint fails to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment.

This Court agrees that the Report and Recommendation did not address Defendants' latter argument. The motions to dismiss were converted into motions for summary judgment. Plaintiff filed a document (Dkt No. 46) outlining the factual basis for his claims against Defendants CMS, Borges and Meyer and attached supporting documents. After concluding that failure to exhaust administrative remedies is not a reason to dismiss the complaint, the Report and Recommendation neglects to address the merits of Defendants' argument that there is insufficient factual support to sustain Plaintiff's Eighth Amendment claim against them.

Therefore, Defendant Borges' motion (Dkt. No. 18) and Defendants Meyer and CMS's motion (Dkt. No. 37) are **REMANDED** to the Magistrate Judge for a Report and Recommendation regarding Defendants' allegation that Plaintiff's complaint fails to state a claim. The portions of the instant Report and Recommendation regarding Plaintiff's failure to exhaust administrative remedies will be held in abeyance until the second Report and Recommendation is issued.

## CONCLUSION

The Report and Recommendation (Dkt. No. 50) is **ACCEPTED IN PART**. This Court accepts the recommendations regarding Defendants Pelon, VanSetters, Martin, Armstrong and Palmer's motion for summary judgment; that motion (Dkt. No. 24) is **GRANTED.** This Court accepts the recommendations regarding Defendant Tudor's motion for summary judgment; that motion (Dkt. No. 41) is **GRANTED IN PART AND DENIED IN PART.** Defendant Borges'

4

motion (Dkt. No. 18) for summary judgment and Defendants Meyer and CMS's motion (Dkt. No. 37) for summary judgment are **REMANDED** to the Magistrate Judge for a report and recommendation regarding the claims that Plaintiff fails to state a claim against them.

Date:  March 28, 2008  　　　　　　　　　　　　　　　　 /s/ Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge