UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY RAY HOYE,

       Plaintiff,                                    Hon. Paul L. Maloney

v.                                                      Case No. 1:07 CV 110

WILLIAM NELSON, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendant Borges' Motion to Dismiss, (dkt. #18); Defendant Meyers and Correctional Medical Services, Inc.'s Motion to Dismiss, (dkt. #37); and Defendant Tudor's Motion for Summary Judgment, (dkt. #57). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant Borges' Motion to Dismiss, (dkt. #18), be **denied**; Defendant Meyers and Correctional Medical Services, Inc.'s Motion to Dismiss, (dkt. #37), be **granted in part and denied in part**; and Defendant Tudor's Motion for Summary Judgment, (dkt. #57), be **granted**.

**BACKGROUND**

        The following allegations are contained in Plaintiff's complaint. When Plaintiff arrived at the Deerfield Correctional Facility (ITF), he informed Defendant Nelson that he suffered from "a herniated disc coupled with pelvic instability." Plaintiff has not indicated the date on which he arrived at ITF. Plaintiff requested medication, but was informed that until his injuries could be established he

would receive only over-the-counter medications. Dr. Nelson subsequently reviewed Plaintiff's medical records, but still refused Plaintiff's request for prescription pain medication.

In October 2005, Defendant Tudor cleared Plaintiff to work as a cleaning porter, a work assignment that was inconsistent with Plaintiff's physical impairments. On October 25, 2005, Plaintiff injured his back while working. Following this incident, Plaintiff attempted to obtain treatment for his back injury. Defendants Meyer and Borges, however, refused Plaintiff's requests. On December 14, 2007, Plaintiff was prescribed pain medication. X-rays of Plaintiff's back, taken on December 21, 2007, revealed an "abnormality" in Plaintiff's spine. Plaintiff's back pain continued to worsen, but his requests for medical treatment were again denied by Defendants Meyer and Borges.

Plaintiff initiated this action against numerous Defendants, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. Plaintiff's claims against Defendants Pelon, VanSetters, Martin, Armstrong, and Palmer have since been dismissed. (Dkt. #56). Plaintiff's due process claim against Defendant Tudor has also been dismissed. (Dkt. #56). The only claims remaining in this matter are Plaintiff's claims that Defendants Nelson, Tudor, Meyer, Borges, and CMS violated his Eighth Amendment rights. Defendants Borges, Meyer, and CMS now move to dismiss Plaintiff's claims. Defendant Tudor moves for summary judgment. Plaintiff has yet to effect service on Defendant Nelson.

## **LEGAL STANDARD**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in Plaintiff's favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). Furthermore,

complaints filed by pro se plaintiffs are held to an "especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v.*

*Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.**  **Defendant Borges' and Meyers' Motion to Dismiss**

In his complaint, Plaintiff asserts the following with respect to Defendants Borges and Meyers:

> I sent kites to ITF Health Services numerous times attempting to get my reinjured back treated, but was repeatedly denied treatment by both Dr. Christine Meyer and Mr. Terry Borges.
>
> \*           \*           \*
>
> When no follow-up examination occurred, I again requested in writing to ITF Health Services that I be seen for my continually worsening back

> pain and spasms. But, once again, I was denied medical treatment by Dr. Meyer and Mr. Borges.

Defendants Meyer and Borges assert that Plaintiff's allegations fail to state a claim on which relief may be granted. Despite the clarity of this language, Defendants assert that Plaintiff's allegations are "vague" and constitute "unwarranted legal conclusions." The Court disagrees. Plaintiff has clearly alleged that he requested medical treatment and that Defendants Meyer and Borges denied his requests. Plaintiff's allegations are neither vague nor conclusory. While the Court agrees that Plaintiff's complaint is not a model of specificity, it nonetheless satisfies the notice pleading requirements articulated in Rule 8 of the Federal Rules of Civil Procedure and, moreover, alleges facts, which if proven, would entitle Plaintiff to relief. Accordingly, the Court recommends that Defendant Meyers' and Defendant Borges' motions for dismissal be **denied**.

**II.		Defendant CMS' Motion to Dismiss**

Plaintiff has named Correctional Medical Services, Inc. (CMS) as a defendant in this matter. CMS now moves for the dismissal of Plaintiff's claims. Plaintiff has failed to assert any allegations of wrongdoing against CMS itself, but instead it appears that Plaintiff has named CMS as a defendant in this matter simply because it employs some of the individual defendants.

CMS is not vicariously liable for the actions of its employees. *See Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996) ("A defendant cannot be held liable under section 1983 on a respondent superior or vicarious liability basis") (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)); *see also*, *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against CMS, Plaintiff must demonstrate that CMS had a "policy,

practice or custom that resulted in the injury." *Moreno v. Metropolitan General Hospital*, 210 F.3d 372, 2000 WL 353537 at *2 (6th Cir., Mar. 28, 2000); *see also*, *Starcher*, 7 Fed. Appx. at 465.

Plaintiff has not claimed that his alleged injuries were caused by any policy, practice, or custom implemented by CMS. Accordingly, the Court recommends that Correctional Medical Services is entitled to the requested relief.

**III.        Defendant Tudor's Motion for Summary Judgment**

Plaintiff alleges that Defendant Tudor violated his Eighth Amendment rights by medically clearing him to work as a cleaning porter. Plaintiff asserts in his complaint that his physical impairments were "inconsistent with the demands of the assignment." Plaintiff further asserts that Defendant Tudor acted with "deliberate indifference" when she "chose to ignore the medical information within [his] file."

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of

serious harm." *Farmer*, 511 U.S. at 834.  If the objective test is met, the Court must then determine whether Defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it."  *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

In support of her motion for summary judgment, Defendant Tudor has submitted an affidavit in which she asserts that "after thoroughly reviewing [Plaintiff's] medical file," she "found no documentation limiting [Plaintiff's] ability to work."  (Dkt. #58, Exhibit A).  Defendant Tudor further asserts that "Plaintiff did not have a restriction indicating that he was unable to bend, twist, stand, walk or perform overhead work; in fact, he did not have any type of restrictions at all."  *Id.*  Plaintiff has not responded to Defendant Tudor's motion for summary judgment, but instead appears content to rely on the allegations in his complaint.  As noted above, however, reliance on unsubstantiated allegations is insufficient to defeat a properly supported motion for summary judgment.  The evidence submitted by Defendant Tudor indicates that she was not aware that Plaintiff suffered from any impairment that prevented him from working as a cleaning porter.  Thus, Defendant Tudor cannot be said to have acted with deliberate indifference to a serious medical need.  Accordingly, the Court recommends that Defendant Tudor's motion for summary judgment be **granted**.

**IV.        Defendant Nelson**

Plaintiff initiated this action on February 2, 2007. (Dkt. #1). On March 6, 2007, the Court ordered that Plaintiff's complaint be served on the defendants. (Dkt. #4). A copy of the summons and complaint was mailed to Defendant Nelson care of "Corrections Medical Services." (Dkt. #8). This attempt to effect service was rejected on the ground that it was directed to the "wrong address." *Id.* A second attempt to effect service on Defendant Nelson at the Deerfield Correctional Facility was undertaken in June 2007. (Dkt. #38). The summons was rejected on the ground that Defendant Nelson was "not at this location." *Id.* On November 19, 2007, Plaintiff submitted a letter in which he asserted that Defendant Nelson was, in fact, at the Deerfield facility. (Dkt. #54). In the year since submitting this letter, however, Plaintiff has made no further attempt to effect service on Defendant Nelson. Plaintiff has never requested an extension of time to effect service on Defendant Nelson, nor has he requested the Court's assistance in effecting service on Defendant Nelson.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendant Nelson be **dismissed without prejudice for failure to timely effect service**.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendant Borges' Motion to Dismiss, (dkt. #18), be **denied** and Defendant Tudor's Motion for Summary Judgment, (dkt. #57), be **granted**. The Court further recommends that Defendant Meyers and Correctional Medical Services, Inc.'s Motion to Dismiss, (dkt. #37), be **granted in part and denied in part**. Specifically, with respect to this latter motion, the Court recommends that Defendant Meyers' motion to dismiss be **denied** and that CMS' motion to dismiss be **granted**. Finally, the Court recommends that Plaintiff's claims against Defendant Nelson be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 8, 2008             /s/ Ellen S. Carmody
                                   ELLEN S. CARMODY
                                   United States Magistrate Judge