UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY RAY HOYE,
        Plaintiff,

Case No. 1:07-CV-110

-v-

HONORABLE PAUL L. MALONEY
HONORABLE ELLEN S. CARMODY

WILLIAM NELSON, et al.,
        Defendants.

OPINION AND ORDER ACCEPTING THE REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a Report and Recommendation (Dkt. No. 60) issued by a Magistrate Judge and Objections (Dkt. No. 61) filed by Defendants Meyer and Borges. The Report and Recommendation addresses three motions. Magistrate Judge Ellen Carmody recommends denying Defendant Borges' motion (Dkt. No. 18) to dismiss. The Magistrate Judge recommends granting in part and denying in part Defendant Meyer[1] and Defendant Correctional Medical Services' (CMS) motion (Dkt. No. 37) to dismiss. The Magistrate Judge recommends granting Defendant Tudor's motion (Dkt. No. 57) for summary judgment. Finally, the Magistrate Judge recommends dismissing, without prejudice, Defendant Nelson due to Plaintiff Hoye's failure to timely effect service.

BACKGROUND

Plaintiff Hoye is a prisoner under the control of the Michigan Department of Corrections.

---

[1] The correct spelling of this Defendant's last name is unclear. In the title to the motion to dismiss, the name is spelled "Meyers." (Dkt. No. 37.) In the caption and title to the objection, the name is spelled "Meyer." (Dkt. No. 61.) In the text of the brief in support of the motion to dismiss and the objection, this individual is referred to as both "Meyer" and "Meyers."

Plaintiff filed a complaint alleging, among other things, a violation of his rights under the Eighth Amendment arising from deliberate indifference to his medical needs. Plaintiff alleges Defendant Tudor cleared him for a work assignment that was inconsistent with this physical impairments and, as a result, he injured his back. (Complaint Section V at i.) Plaintiff alleges he "sent kites to ITF Health Services numerous times attempting to get my reinjured back treated, but was repeatedly denied treatment by both Dr. Christine Meyer and Mr. Terry Borges, Physicians Assistant." (Complaint Section V at ii.)

Defendant Meyer and Defendant Borges separately filed motions to dismiss alleging both failure to state a claim and failure to exhaust administrative remedies. The portions of the motions regarding Plaintiff's alleged failure to exhaust administrative remedies referenced documents outside the pleadings that were attached as exhibits. Accordingly, the Magistrate Judge issued an order (Dkt. No. 44) converting the motions to dismiss into motions for summary judgment. The allegation that Plaintiff failed to exhaust his administrative remedies was resolved in favor of Plaintiff (Dkt. No. 56 - 3/28/08 Order), and Defendant's motions were remanded to the Magistrate Judge for a report and recommendation on the portions of the motions which allege Plaintiff failed to state a claim. (*Id.*)

Defendant Tudor also filed a motion (Dkt. No. 41) to dismiss. Defendant Tudor also asserted Plaintiff failed to exhaust his administrative remedies. (*Id.*) Defendant Tudor's motion was granted with regard to the Due Process claims in the complaint, but denied with regard to the Eighth Amendment claims in the complaint. (3/28/08 Order.) Defendant Tudor subsequently filed a motion for summary judgment on the Eighth Amendment claim. (Dkt. No. 57.)

STANDARD OF REVIEW

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

    A. Defendant Tudor's Motion for Summary Judgment (Dkt. No. 57)

Defendant Tudor asserts Plaintiff cannot establish neither the objective nor the subjective prong of a claim for deliberate indifference to medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834-837 (1994). Noting Plaintiff had not filed a response to Defendant Tudor's motion to dismiss and relying on an affidavit filed by Defendant Tudor, the Magistrate Judge concluded Defendant

3

Tudor established she was not aware Plaintiff had any impairment that prevented him from performing the duties assigned.

This portion of the Report and Recommendation is **ACCEPTED.** Plaintiff has failed to create any genuine issue of material fact on the subjective prong of the test for deliberate indifference to medical needs. Rather than filing an objection, Defendant Tudor filed a document entitled "Response to Julie Tudor's Motion for Summary Judgment." (Dkt. No. 62.) In the two page document, Plaintiff identifies the documents attached to his response and concludes "any lay person would conclude by the documentation that there is a medical problem which exists." (*Id.*) Assuming, for the sake of argument only, Plaintiff's response and supporting documentation may be considered at this stage, Plaintiff's response and documents do not create a genuine issue of material fact that Defendant Tudor was deliberately indifferent to his medical needs. Plaintiff has not explained how the attachments support his argument. A cursory review of the attachments by the Court show Plaintiff was deemed "medically unable to work" in July 2002, prior to his incarceration. (Dkt. No. 62-4, Exhibit C to Plaintiff's Response - Medical Records Prior to Incarceration.) The medical records between July 2002 and June 2004 show Plaintiff received various treatments for his ailing back. None of the records indicate whether Plaintiff continued to be deemed medically unable to work. Plaintiff's medical file since his incarceration is similarly unremarkable. (Dkt. No. 64-5, Exhibit D to Plaintiff's Response.) Consistent with Ms. Tudor's affidavit, nothing in Plaintiff's prison medical file indicates any restriction on his ability to bend, twist, walk, stand or perform overhead work. Plaintiff may indeed have a bad back, that alone is insufficient to create a genuine issue of material fact with regard to whether Defendant Tudor knew of and disregarded, or could infer, an excessive risk to Plaintiff's health. *See Farmer*, 511 U.S. at

837.

B.  Defendant Borges' Motion to Dismiss (Dkt. No. 18) and Defendant Meyer's Motion to Dismiss (Dkt. No. 37)

In their motions to dismiss, Defendant Borges and Defendant Meyer assert, in almost identical paragraphs, the references to them in the complaint are insufficient to state a claim for deliberate indifference to medical needs.  Defendants insist Plaintiff's claims against them are vague. "Vague allegations of kite complaints to health care do not mean that the medical service providers were made aware of same, as the nurses routinely screen kites."  (Dkt. No. 18 - Defendant Borges' Brief in Support at 9; Dkt. No. 37 - Defendant Meyer and Defendant CMS's Brief in Support at 9). The Magistrate Judge found the allegations against these Defendants clear and further found the allegations satisfied the notice pleading requirements in Rule 8 of the Federal Rules of Civil Procedure.  (R&R at 5.)  Defendants, nevertheless, insist the allegations against them are vague and conclusory and should be dismissed, citing *Quimby v. Seiter*, 856 F.2d 195 (6th Cir. 1988) and *Swihart v. Wilkinson*, 208 F.App'x 456 (6th Cir. 2006).  Defendants argue the pleading fails to allege they were aware of Plaintiff's complaints "as the nurses routinely screen kites."  (Objection at 6.) Defendants further argue Plaintiff fails to allege facts sufficient to establish a serious medical need. (Objection at 7.)

The United States Supreme Court recently had occasion to discuss the notice pleading requirements in the Federal Rules.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197 (2007) (per curiam).  In *Pardus*, a prison conditions case in which the *pro se* prisoner alleged, under 42 U.S.C. § 1983, deliberate indifference to his medical needs in violation of the Eighth Amendment, the Court reiterated that

5

Rule 8 of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim showing the plaintiff is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which the claim rests. 127 S.Ct. at 2200 (quoting *Twombly*, 217 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))). The Court further found "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Following *Pardus*, the Sixth Circuit Court of Appeals noted prisoner complaints alleging claims under section 1983 need not allege specific facts. *United States ex rel. Snapp v. Ford Motor Co.*, 532 F.3d 496, 503 n. 6 (2008).

Defendants' objections are **OVERRULED.** Plaintiff's complaint gives Defendants fair notice of the claim against them. The complaint alleges Defendants repeatedly denied Plaintiff treatment. That assertion must be accepted as true for the purposes of Defendants' motions to dismiss. *Pardus*, 127 S.Ct at 2200. The complaint does not assert Plaintiff was generally denied treatment, rather, it asserts *Defendants* denied Plaintiff treatment. For the purposes of Defendants' motion, that assertion is sufficient to satisfy the subjective prong of a claim for deliberate indifference. Furthermore, for the purposes of Defendants' motions, the statement that nurses routinely screen medical kites cannot be assumed. Finally, the complaint does allege facts sufficient to satisfy the objective prong of a claim for deliberate indifference. Plaintiff alleges had "back spasms" and an "abnormality in his spine" and that he to get his "reinjured back treated" and to "be seen for [his] continually worsening back pain and spasms." (Complaint § V at ii.)

C.  Defendant CMS' Motion to Dismiss (Dkt. No. 37)

The Magistrate Judge recommends dismissing Plaintiff's claim against Defendant CMS. The Report and Recommendation explains CMS cannot be vicariously liable for the actions of its

employees and Plaintiff has not alleged any policy, practice or custom that resulted in his injury. (R&R at 5-6.) Plaintiff has not filed any objection to this recommendation. Accordingly, this portion of the Report and Recommendation is **ACCEPTED.**

D. Defendant Nelson

The Magistrate Judge recommends dismissing, without prejudice, Defendant Nelson. The Report and Recommendation notes Plaintiff has taken no action in an attempt to serve Defendant Nelson since November 2007. (R&R at 8.) Plaintiff has not filed any objection to the recommendation. Accordingly, this portion of the Report and Recommendation is **ACCEPTED.**

CONCLUSION

The Report and Recommendation (Dkt. No. 60) is **ACCEPTED OVER OBJECTIONS.** Defendant Tudor's motion (Dkt. No. 57) for summary judgment is **GRANTED.** Defendant Tudor is **DISMISSED** from this action. Defendant Borges' motion (Dkt. No. 18) to dismiss is **DENIED.** Defendant Meyer and Defendant CMS' motion (Dkt. No. 37) to dismiss is **GRANTED IN PART and DENIED IN PART.** Defendant Meyer's portion of the motion is **DENIED.** Defendant CMS' portion of the motion is **GRANTED.** Defendant CMS is **DISMISSED** from this action. Defendant Nelson is **DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.**


Date:  January 9, 2009                                         /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge