UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BOBBY RAY HOYE,

                Plaintiff,                               Hon. Paul L. Maloney

v.                                               Case No. 1:07 CV 110

WILLIAM NELSON, et al.,

                Defendants.

_____/


## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendant Meyer and Borges' Motion for Summary Judgment. (Dkt. #71). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

      The following allegations are contained in Plaintiff's complaint. When Plaintiff arrived at the Deerfield Correctional Facility (ITF), he informed Defendant Nelson that he suffered from "a herniated disc coupled with pelvic instability." Plaintiff has not indicated the date on which he arrived at ITF.[1] Plaintiff requested medication, but was informed that until his injuries could be established he would receive only over-the-counter medications. Dr. Nelson subsequently reviewed Plaintiff's medical records, but still refused Plaintiff's request for prescription pain medication.

_____

[1] At his deposition, Plaintiff asserted that he arrived at ITF on June 2, 2005. (Dkt. #71, Exhibit B at 18).

In October 2005, Defendant Tudor cleared Plaintiff to work as a cleaning porter, a work assignment that was inconsistent with Plaintiff's physical impairments. On October 25, 2005, Plaintiff injured his back while working. Following this incident, Plaintiff attempted to obtain treatment for his back injury. Defendants Meyer and Borges, however, refused Plaintiff's requests. On December 14, 2007, Plaintiff was prescribed pain medication. X-rays of Plaintiff's back, taken on December 21, 2007, revealed an "abnormality" in Plaintiff's spine. Plaintiff's back pain continued to worsen, but his requests for medical treatment were again denied by Defendants Meyer and Borges.

Plaintiff initiated this action against numerous Defendants, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. The majority of Plaintiff's claims have since been dismissed. (Dkt. #56, 63). The only claims remaining in this matter are Plaintiff's claims that Defendants Meyer and Borges, violated his Eighth Amendment rights. Defendants Borges and Meyer now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to

show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which an official's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the official possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the official "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to

abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

To the extent, however, that Plaintiff merely disagrees with Defendants' treatment decisions or asserts that he received negligent care, such fails to state a claim upon which relief may be granted. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment).

In support of their motion for summary judgment, Defendants Meyer (a physician) and Borges (a physician's assistant) have submitted copies of Plaintiff's medical records. (Dkt. #71, Exhibit D). These records reveal that Plaintiff was treated on numerous occasions by many different care providers, including Defendants Meyer and Borges. For example, On December 16, 2005, Defendant Borges ordered x-rays to assess Plaintiff's back symptoms. *Id.* at 143. After reviewing the results of Plaintiff's x-rays, Defendant Borges ordered that Plaintiff be examined by a physician. *Id.* at 38, 201.

On February 15, 2006, Plaintiff was examined by Defendant Borges. *Id.* at 195. Borges instructed that "insole shoe lifts" be ordered for Plaintiff and, furthermore, that Plaintiff be provided a "permanent accommodation" for such. *Id.* Plaintiff was examined by Defendant Meyer on March 16, 2006. *Id.* at 190-91. Plaintiff reported that he had not yet received his shoe lifts. Meyer ordered that Plaintiff's shoe lifts be re-ordered. *Id.* Plaintiff was again examined by Defendant Meyer on April 25, 2006. *Id.* at 187. Plaintiff reported that he had yet to receive his shoe lifts. In response, Defendant Meyer "took the issue to the Nurse Manager" who indicated that she "will take special care of the

problem." Meyer also fashioned for Plaintiff a pair of shoe lifts that he could use until his specially ordered lifts arrived. *Id.*

When examined by Defendant Borges on July 14, 2006, Plaintiff reported no pain or difficulties with his back or lower extremities. *Id.* at 174-75. On January 25, 2007, Plaintiff was examined by Defendant Borges. *Id.* at 161. Plaintiff reported that he was experiencing lower back pain and requested a back brace and a TENS unit. Borges indicated that he needed to review Plaintiff's medical records before resolving Plaintiff's request. *Id.* Plaintiff initiated the present action less than one week later. (Dkt. #1). In his deposition, Plaintiff acknowledges that Defendants Borges and Meyer provided him with medical treatment. (Dkt. #71, Exhibit B at 18, 28-30, 44). Plaintiff further acknowledged that his claims against Defendants Borges and Meyer are based on his belief that they did not treat him "properly." *Id.* at 44.

As noted above, the fact that Plaintiff disagrees with Defendants' treatment decisions or believes that he received negligent care simply fails to implicate the Eighth Amendment. Defendants have submitted evidence demonstrating that they (and many other health care professionals) treated Plaintiff on numerous occasions. The evidence submitted by Defendants also reveals that Plaintiff is simply dissatisfied with the care Defendants provided him.

In response, Plaintiff has submitted absolutely no evidence, but instead merely asserts that "all issues pertaining to [Defendants'] motion for summary judgment have been ruled on and decided by" this Court. Plaintiff is mistaken. While the Court previously addressed whether Plaintiff's allegations against Defendants Borges and Meyer stated a claim upon which relief may be granted, the Court has not previously addressed whether Defendants Borges and Meyer are entitled to summary

judgment. Accordingly, for the reasons articulated herein, the undersigned recommends that Defendants' motion be granted.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendant Meyer and Borges' Motion for Summary Judgment</u>, (dkt. #71), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: December 28, 2009                          /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge