UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY RAY HOYE,
   Plaintiff,

              No. 1:07-cv-110

-v-
              HONORABLE PAUL L. MALONEY

WILLIAM NELSON, ET AL.,
   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

The incidents giving rise to Plaintiff Hoye's complaint occurred while he was incarcerated at the Deerfield Correctional Facility in Michigan. Eight defendants have already been dismissed from the action. Only two defendants remain, Christine Meyer, M.D., and Terry Borges, P.A. Defendants Meyer and Borges previously filed a motion to dismiss, which was denied. Defendants Meyer and Borges have since filed a motion for summary judgment. (Dkt. No. 71.) The magistrate judge reviewing the motion issued a report (Dkt. No. 78) recommending the motion be granted. Plaintiff Hoye filed objections. (Dkt. No. 80.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those

portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

Plaintiff Hoye alleges Defendants Meyer and Borges (Defendants) violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs. In their motion for summary judgment, Defendants outline, in excruciating detail, the treatment provided to Plaintiff while he was incarcerated. (Dkt. No. 71 - Pl. Br., 3-7.) Defendants attach supporting documentation establishing the treatment provided to Plaintiff. Plaintiff's meager response (Dkt. No. 72), in contrast to the detail provided in Defendant's supporting brief, lacked both substantive assertions and supporting documentation. Relying on the earlier R&R of the magistrate judge and the opinion of this court regarding Defendant's motion to dismiss, Plaintiff argues only that "Defendants Borges and Meyer motion for summary judgment has been ruled on and denied." (Dkt. No. 72.)

The magistrate judge's report throughly and accurately outlines the relevant case law for Plaintiff's cause of action, which Plaintiff does not dispute. The magistrate judge recommends Defendants' motion for summary judgment be granted, because the documentary evidence establishes Plaintiff received treatment for his ailments, including treatment by these two defendants. Accordingly, the evidence does not support a claim under the Eighth Amendment. In his objection,

Plaintiff begins by generally stating his claims against Defendants Borges and Meyers. This portion of the objection does not reference any documents and does not provide any detailed facts. Plaintiff then includes a chronology of events, in which he references exhibits attached to the objection. Notably, neither Defendant Borges nor Defendant Meyer are mentioned by name in this chronology.

Accordingly, Plaintiff's objections are overruled. Plaintiff failed to appropriately respond to Defendants' motion for summary judgment. This court's prior decision only held that Plaintiff's complaint set forth a claim against Defendants Borges and Meyer. This court did not conclude Plaintiff could establish, through documentation, that he had sufficient evidence to merit a trial. Even if this court could consider the factual allegations in Plaintiff's objection, because they were not included in his response to the motion, Plaintiff's objection does not undermine the magistrate judge's conclusions. Plaintiff's objection does not specifically contest the facts identified by Defendants and by the magistrate judge, which show these defendants provided treatment to Plaintiff. Rather, Plaintiff's chronology of events generally alleges gaps in his treatment and other problems for which other individuals might be responsible.

CONCLUSION

For the reasons provided above, the report and recommendation (Dkt. No. 78) is adopted, over objections, as the opinion of this court. Defendant Borges' and Defendant Meyer's motion (Dkt. No. 71) is granted.

1. The report and recommendation (Dkt. No. 78) is **ADOPTED OVER OBJECTIONS** as the opinion of this court.

2. Defendant Borges' and Defendant Meyer's motion (Dkt. No. 71) for summary judgment is **GRANTED.** The claims against Defendants Borges and Meyer are **DISMISSED WITH PREJUDICE.**

Date:  January 14, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge